## Case No. 13,535.

STRING et al. v. HILL.

[1 Crabbe, 454.] [1]

District Court, E. D. Pennsylvania. Dec. 17, 1841.

SHIPPING—MASTER—EXTRA SERVICES.

A master is entitled to an extra allowance for services rendered out of the line of his duty, as in painting the ship.

This was a libel for work, materials, &c. by David A. String and Maria A. Wood against John F. Hill, late owner of the sloop Regulus].

O. Hopkinson, for libellants.
H. Hubbell, for respondent.

[1] [Reported by William H. Crabbe, Esq.]

HOPKINSON, District Judge. The claim of Maria A. Wood is for certain repairs done to the yawl boat of the Regulus, and for wharfage. The account was fully proved, and there has been no defence set up against it; there must therefore be a decree in favor of the libellant for the amount of her account, with interest from the 28th October, 1839, the date of the last item. The claim of the other libellant is made up of various items, set forth in an account annexed to the libel. The first is a charge made by the libellant, who was master of the sloop, for eighteen days' work of himself and one George Link, in painting and scraping the sloop, at one dollar per day for each of them. It is proved by Link, who was hired for this work by the master, that the work was done, that it occupied the time stated in the account, and that the wages he received were one dollar per day, which was paid to him by the master. As to so much of this charge as is for the sum paid to Link, there seems to be no reason why it should not be paid. As to the charge made by the master for his own work a question is raised, and it is denied that he is entitled to any extra pay or allowance for this service, beyond his wages as captain. That the seamen on board a vessel perform this duty, without any additional charge for it, is, I think, the constant usage, it being considered a part of their duty; and we find that nothing beyond his wages was paid to Samuel String, the master's brother, who also assisted in doing this work. It is clear, however, that such work does not fall within the duty of the captain. An attempt was made to prove a custom or usage obliging the captain to do this work when the vessel was lying in port, but it did not succeed. The evidence of George Link, a very substantial witness, with no interest whatever in the question, has a strong bearing in support of this charge. He says that the respondent told the captain to have the vessel overhauled; that he came there while the work was going on and was well pleased and satisfied; that they were, each, to have a dollar a day; and that the work took eighteen days. This seems to put the question at rest, and to support the charge by the agreement of the respondent, independent of the general ground that it was extra work, not presumed to be provided for in the captain's wages.

The other charges and credits are not contested. The account, therefore, will stand thus:

| | |
|---|---|
| Wages for painting, &c. | $ 36 00 |
| Other charges | 120 42 |
| | 156 42 |
| Less, credits allowed | 100 00 |
| Balance | 56 42 |
| Interest from 29th September, 1839 | 8 44 |
| | $ 64 86 |

Decree for libellant Wood for $11 75, and for libellant String for $64 86, with costs.